**SAMUEL STAMPING & ENAMELING CO. v. MONROE FURNITURE CO., LIMITED.**

**No. 5273.**

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1937.

Hudson, Potts & Bernstein and George M. Snellings, Jr., all of Monroe, for appellant.

S. E. Burgoyne, of Monroe, for appellee.

**PER CURIAM.**

Several errors of law and fact are assigned by appellant in support of its application for rehearing, none of which we think has sufficient merit to warrant favorable action thereon. Two errors of fact, secondary in importance, are assigned which are well founded. We shall now correct them. This may be done without a rehearing.

In stating the facts of the case, we said that plaintiff had sold and delivered to defendant 121 Clayback heaters, over which this contest in the main is waged. The correct number is 127. However, we found as an ultimate fact that 70 of the heaters had been returned and therefore held defendant responsible for the price of the other .57 which, under the testimony, we held had not been returned to plaintiff. We also accredited to defendant the introduction in evidence of "a detailed statement disclosing the number of heaters retailed by it and the names of the companies to whom same were sold by wholesale, aggregating 89, together with itemized charges in each instance covering expense of connecting, disconnecting and reconnecting, and drayage, on which there is also listed,—"heaters still out to be returned to factory,' 38 all told, and the names of the various purchasers thereof." The document was introduced by plaintiff. The probative weight of this statement we held was favorable to plaintiff's contention that all the heaters had not been shipped back to it because, even for the 38 which were outstanding, no charge against plaintiff was made for connecting, disconnecting, drayage, etc., as was doné with the other 89 of them. Defendant's vice president admits that this statement was made up by him or by his authority and that it correctly reflects the facts of the situation then existing. The statement having been

properly admitted as evidence in the case, regardless of by whom, was entitled to be weighed and considered for or against either side.

Rehearing refused.